THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ROBERT E. DUGDALE
Chief, Violent and Organized Crime Section
Assistant United States Attorney
California Bar Number:   167358
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4685
    Facsimile: (213) 894-3713
    E-mail: robert.dugdale@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-980-GHK |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT FOR DEFENDANT |
| | ) | BRADLEY ANDERSON |
| v. | ) | |
| | ) | |
| BRADLEY ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1.   This constitutes the plea agreement between BRADLEY
ANDERSON ("defendant") and the United States Attorney's Office
for the Central District of California ("the USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state or local prosecuting,
administrative or regulatory authorities.

PLEA

2.   Defendant agrees to plead guilty to count two of the
indictment in the above-captioned case, which charges defendant

with a violation of Title 18, United States Code, Section
2252A(a)(5)(B) (possession of child pornography).

### NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of count two,
which charges a violation of Title 18, United States
Code, Section 2252A(a)(5) (possession of child pornography), the
following must be true:

a.   Defendant knowingly possessed a computer hard drive
which the defendant knew contained a visual depiction
of a minor engaged in sexually explicit conduct;

b.   Defendant knew the visual depiction contained in the
hard drive was of a minor engaged in sexually explicit
conduct;

c.   Defendant knew that production of such visual depiction
involved use of a minor in sexually explicit conduct;
and

d.   The visual depiction had been transported in interstate
or foreign commerce by computer or some other means.
Defendant admits that defendant is, in fact, guilty of this
offense as described in count two of the indictment.

### PENALTIES

4.   The statutory maximum sentence that the Court can impose
for a violation of Title 18, United States Code, Section
2252A(a)(2) is:   10 years imprisonment (18 U.S.C. § 2252A(b)(2));
a period of supervised release of no less than 5 years, and up to
a lifetime period of supervised release (18 U.S.C. 3583(k)); a
fine of $250,000 or twice the gross gain or gross loss resulting
from the offense, whichever is greatest (18 U.S.C. §§ 3571(b)(3)

2

and (d)); and a mandatory special assessment of $100 (18 U.S.C. § 3013).

5.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.   Defendant further understands that as a condition of supervised release, under 18 U.S.C. § 3583(d) defendant will be required to comply with the requirements of the Sex Offender Registration and Notification Act.  Defendant understands that if he resides in California, he will be subject to the registration requirements of California Penal Code Section 290.

7.   Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

8.   Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

9.   Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts includes facts sufficient to support a plea of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 13 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

On October 12, 2006, defendant possessed a Toshiba laptop computer containing images of minors engaging in sexually explicit conduct.  These images defendant possessed on his laptop computer were child pornography, as defined by Title 18, United States Code, Section 2256(8)(A), and included five movies located within allocated space on defendant's computer featuring adults having sexual intercourse with prepubescent girls under the age of twelve.

At the time defendant possessed these child pornography images on his computer, defendant knew these images were on his computer and were images of minors engaged in sexually explicit conduct.  Defendant downloaded these child pornography images found on his computer from child pornography websites defendant subscribed to, and he did so into file folders that he created on his laptop.

Finally, the images that defendant possessed had been mailed, or shipped or transported in interstate or foreign commerce by computer, including images that have been determined to have originated outside the state of California involving

4

1 | actual child-victims.

2 | <center>WAIVER OF CONSTITUTIONAL RIGHTS</center>

3 |     10.     By pleading guilty, defendant gives up the following
4 | rights:

5 |             a)     The right to persist in a plea of not guilty.

6 |             b)     The right to a speedy and public trial by jury.

7 |             c)     The right to the assistance of legal counsel at
8 | trial, including the right to have the Court appoint counsel for
9 | defendant for the purpose of representation at trial.  (In this
10 | regard, defendant understands that, despite his or her plea of
11 | guilty, he or she retains the right to be represented by counsel
12 | - and, if necessary, to have the court appoint counsel if
13 | defendant cannot afford counsel - at every other stage of the
14 | proceedings.)

15 |             d)     The right to be presumed innocent and to have the
16 | burden of proof placed on the government to prove defendant
17 | guilty beyond a reasonable doubt.

18 |             e)     The right to confront and cross-examine witnesses
19 | against defendant.

20 |             f)     The right, if defendant wished, to testify on
21 | defendant's own behalf and present evidence in opposition to the
22 | charges, including the right to call witnesses and to subpoena
23 | those witnesses to testify.

24 |             g)     The right not to be compelled to testify, and, if
25 | defendant chose not to testify or present evidence, to have that
26 | choice not be used against defendant.

27 |        By pleading guilty, defendant also gives up any and all
28 | rights to pursue any affirmative defenses, Fourth Amendment or

<center>5</center>

1  Fifth Amendment claims, and other pretrial motions that have been
2  filed or could be filed.

3                         WAIVER OF DNA TESTING

4       11.   Defendant has been advised that the government has in
5  its possession computer equipment seized from defendant's home,
6  that could be subjected to DNA testing.  Defendant understands
7  that the government does not intend to conduct DNA testing of any
8  of these items for DNA testing and does not intend to conduct any
9  further DNA testing of those items or any other items.  Defendant
10 understands that, before entering a guilty plea pursuant to this
11 agreement, defendant could request DNA testing of evidence in
12 this case.  Defendant further understands that, with respect to
13 the offense to which defendant is pleading guilty pursuant to
14 this agreement, defendant would have the right to request DNA
15 testing of evidence after conviction under the conditions
16 specified in 18 U.S.C. § 3600.  Knowing and understanding
17 defendant's right to request DNA testing, defendant voluntarily
18 gives up that right with respect to both the specific items
19 listed above and any other items of evidence there may be in this
20 case that might be amenable to DNA testing.  Defendant
21 understands and acknowledges that by giving up this right,
22 defendant is giving up any ability to request DNA testing of
23 evidence in this case in the current proceeding, in any
24 proceeding after conviction under 18 U.S.C. § 3600, and in any
25 other proceeding of any type.  Defendant further understands and
26 acknowledges that by giving up this right, defendant will never
27 have another opportunity to have the evidence in this case,
28 whether or not listed above, submitted for DNA testing, or to

                                    6

1   employ the results of DNA testing to support a claim that

2   defendant is innocent of the offense to which defendant is

3   pleading guilty.

4                           SENTENCING FACTORS

5       12.   Defendant understands that the Court is required to

6   consider the  United States Sentencing Guidelines ("U.S.S.G." or

7   "Sentencing Guidelines") among other factors in determining

8   defendant's sentence.  Defendant understands, however, that the

9   Sentencing Guidelines are only advisory, and that after

10  considering the Sentencing Guidelines, the Court may be free to

11  exercise its discretion to impose any reasonable sentence up to

12  the maximum set by statute for the crimes of conviction.

13      13.   Defendant and the USAO agree and stipulate to the

14  following applicable sentencing guideline factors:

15      Base Offense Level  :    18   U.S.S.G. § 2G2.2(a)(1)

16      Specific Offense
        Characteristics
17
        Material Defendant
18      Possessed Involved
        Minors Who Had Not
19      Yet Attained The
        Age Of 12 Years    :    +2   U.S.S.G. § 2G2.2(b)(2)
20
        Offense Involved
21      Between 300 And
        600 Images of
22      child pornography   :    +4   U.S.S.G. § 2G2.2(b)(7)(c)

23      Use of a computer   :    +2   U.S.S.G. § 2G2.2(b)(6)

24      Acceptance of
        Responsibility      :    -3
25
        The USAO will agree to a downward adjustment for acceptance
26
    of responsibility (and, if applicable, move for an additional
27
    level under § 3E1.1(b)) only if the conditions set forth in
28

                                    7

paragraph 16 are met.  Defendant and the USAO reserve the right
to argue that additional specific offense characteristics,
adjustments and departures are appropriate.  Defendant also
understands that defendant's base offense level could be
increased if defendant is a career offender under U.S.S.G.
§§ 4B1.1 and 4B1.2.  In the event that defendant's offense level
is so altered, the parties are not bound by the base offense
level stipulated to above.

14.  There is no agreement as to defendant's criminal
history or criminal history category.

15.  The stipulations in this agreement do not bind either
the United States Probation Office or the Court.  Both defendant
and the USAO are free to: (a) supplement the facts by supplying
relevant information to the United States Probation Office and
the Court, (b) correct any and all factual misstatements relating
to the calculation of the sentence, and (c) argue on appeal and
collateral review that the Court's sentencing guidelines
calculations are not error, although each party agrees to
maintain its view that the calculations in paragraph 13 are
consistent with the facts of this case.

<center>DEFENDANT'S OBLIGATIONS</center>

16.  Defendant agrees that he or she will:

a)   Plead guilty as set forth in this agreement.

b)   Not knowingly and willfully fail to abide by all
sentencing stipulations contained in this agreement.

c)   Not knowingly and willfully fail to: (I) appear as
ordered for all court appearances, (ii) surrender as ordered for
service of sentence, (iii) obey all conditions of any bond, and

<center>8</center>

(iv) obey any other ongoing court order in this matter.

d)   Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e)   Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f)   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

<u>THE USAO'S OBLIGATIONS</u>

17.   If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a)   To abide by all sentencing stipulations contained in this agreement.

b)   At the time of sentencing, to move to dismiss the remaining count of the indictment.  Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed count in determining the applicable Sentencing Guideline range, where the sentence should fall within that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

c)   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level,

1  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,
2  move for an additional one-level reduction if available under
3  that section.

4          d)    To recommend that defendant be sentenced to a term
5  of imprisonment at the low end of the applicable Sentencing
6  Guidelines imprisonment range provided that the total offense
7  level as calculated by the Court is 23 or higher and provided
8  that the Court does not depart downward in offense level or
9  criminal history category.  For purposes of this agreement, the
10  low end of the Sentencing Guidelines imprisonment range is that
11  defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

12                        BREACH OF AGREEMENT

13      18.  If defendant, at any time between the execution of this
14  agreement and defendant's sentencing on a non-custodial sentence
15  or surrender for service on a custodial sentence, knowingly
16  violates or fails to perform any of defendant's obligations under
17  this agreement ("a breach"), the USAO may declare this agreement
18  breached.  If the USAO declares this agreement breached, and the
19  Court finds such a breach to have occurred, defendant will not be
20  able to withdraw defendant's guilty plea, and the USAO will be
21  relieved of all of its obligations under this agreement.

22      19.  Following a knowing and willful breach of this
23  agreement by defendant, should the USAO elect to pursue any
24  charge that was either dismissed or not filed as a result of this
25  agreement, then:

26          a)    Defendant agrees that any applicable statute of
27  limitations is tolled between the date of defendant's signing of
28  this agreement and the commencement of any such prosecution or

                                10

1  action.

2         b)    Defendant gives up all defenses based on the
3  statute of limitations, any claim of preindictment delay, or any
4  speedy trial claim with respect to any such prosecution, except
5  to the extent that such defenses existed as of the date of
6  defendant's signing of this agreement.

7         c)    Defendant agrees that: i) any statements made by
8  defendant, under oath, at the guilty plea hearing; ii) the
9  stipulated factual basis statement in this agreement; and iii)
10 any evidence derived from such statements, are admissible against
11 defendant in any future prosecution of defendant, and defendant
12 shall assert no claim under the United States Constitution, any
13 statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
14 the Federal Rules of Criminal Procedure, or any other federal
15 rule, that the statements or any evidence derived from any
16 statements should be suppressed or are inadmissible.

17        LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

18     20.   Defendant gives up the right to appeal any sentence
19 imposed by the Court, and the manner in which the sentence is
20 determined, provided that (a) the sentence is within the
21 statutory maximum specified above and is constitutional, (b) the
22 Court in determining the applicable guideline range does not
23 depart upward in offense level or criminal history category and
24 determines that the total offense level is 23 or below, and (c)
25 the Court imposes a sentence within or below the range
26 corresponding to the determined total offense level and criminal
27 history category.  Defendant also gives up any right to bring a
28 post-conviction collateral attack on the conviction or sentence,

except a post-conviction collateral attack based on a claim of
ineffective assistance of counsel, a claim of newly discovered
evidence, or an explicitly retroactive change in the applicable
Sentencing Guidelines, sentencing statutes, or statutes of
conviction.  Notwithstanding the foregoing, defendant retains the
ability to appeal the court's determination of defendant's
criminal history category.

21.  The USAO gives up its right to appeal the sentence,
provided that (a) the Court in determining the applicable
guideline range does not depart downward in offense level or
criminal history category, (b) the Court determines that the
total offense level is 23 or above, and (c) the Court imposes a
sentence within or above the range corresponding to the
determined total offense level and criminal history category.

<div align="center">COURT NOT A PARTY</div>

22.  The Court is not a party to this agreement and need not
accept any of the USAO's sentencing recommendations or the
parties' stipulations.  Even if the Court ignores any sentencing
recommendation, finds facts or reaches conclusions different from
any stipulation, and/or imposes any sentence up to the maximum
established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound
to fulfill all defendant's obligations under this agreement.  No
one - not the prosecutor, defendant's attorney, or the Court -
can make a binding prediction or promise regarding the sentence
defendant will receive, except that it will be within the
statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

23.   Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

24.   The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____              2/22/08
ROBERT E. DUGDALE                       Date
Chief, Violent and
Organized Crime Section
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement.  No promises or inducements have

13

1  been made to me other than those contained in this agreement.  No
2  one has threatened or forced me in any way to enter into this
3  agreement.  Finally, I am satisfied with the representation of my
4  attorney in this matter.

5

6  _____                    2-22-08
   BRADLEY ANDERSON                            _____
7  Defendant                                   Date

8

9      I am Bradley Anderson's attorney.  I have carefully
10 discussed every part of this agreement with my client.  Further,
11 I have fully advised my client of his rights, of possible
12 defenses, of the Sentencing Guidelines' provisions, and of the
13 consequences of entering into this agreement.  To my knowledge,
14 my client's decision to enter into this agreement is an informed
15 and voluntary one.

16

17 _____                    2/22/08
   VICKI PODBERESKY                            _____
18 Attorney for Defendant                      Date
   Bradley Anderson
19
20
21
22
23
24
25
26
27
28

                              14